UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN C. BROWN,

            Plaintiff,

    v.

GITIAN, et al.,

            Defendants.

Case No. 25-cv-10502-HSG

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Plaintiff, an inmate currently housed at San Quentin Rehabilitation Center ("SQRC"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's complaint (Dkt. No. 7) pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

//

//

//

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants the following SQRC officials: Sergeant Gitian, Lieutenant Prada, Sergeant Sandoval, and Warden Andes.

The complaint makes the following allegations.

There is a culture within the CDCR in which Hispanic/Latino inmates who are sent to a non-designated program facility ("NDPF") without going through the debriefing process assault other inmates upon their arrival at the NDPF so that they can be moved to another facility. Staff is aware of this culture.

In early 2024, inmate Alex Mirandapaz arrived at SQRC and was informed by defendant Gitian that SQRC is an NDPF. After assaulting an inmate, inmate Mirandapaz was moved to West Block. On July 3, 2024, inmate Mirandapaz walked past inmate Ralph Brown, made an obscene gesture, and swiped at inmate Ralph Brown's neck with a sharp object. Inmate Ralph Brown jumped away and yelled, "Man, what's wrong with you!" Later that evening, as Plaintiff was returning from evening chow and walking down the third tier, inmate Mirandapaz attacked Plaintiff from behind, punching Plaintiff on the left side of his face and the back of his head. Plaintiff regained his footing, turned around, and defended himself, suffering extensive damage to

United States District Court
Northern District of California

2

his left hand.  Afterwards, Plaintiff was interviewed by defendants Prada and Sandoval regarding the incident.  Defendants Prada and Sandoval minimized the situation, implying that Plaintiff did not have a right to defend himself.  Defendants Prada and Sandoval told Plaintiff that he would be moved to administrative segregation unless he signed a compatibility chrono wherein he agreed to be returned to his assigned housing unit and to not retaliate against inmate Mirandapaz.  Plaintiff returned to his housing unit later that night, as did inmate Mirandapaz.  Inmate Mirandapaz was not subject to any disciplinary action.

The following day, July 4, 2024, inmate Mirandapaz struck inmate Evans in the back of the head with an unknown metal object without provocation.  Correctional officers intervened, placed inmate Mirandapaz in handcuffs, and finally removed him from general population.

On July 5, 2024, officer Hunter asked Plaintiff what happened to his hand and, before Plaintiff could respond, said, "Oh yeah, you were victim number two."

In early 2025, in a town hall style address on the lower yard, defendant Andes acknowledged that there was a problem at SQRC of inmates assaulting other inmates upon arrival.

### C.    Dismissal with Leave to Amend

An allegation that prison officials failed to protect an inmate from violence at the hands of other prisoners states a cognizable Eighth Amendment claim.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at hands of other prisoners).  But the failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety.  *Id.* at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.

The Court dismisses the complaint with leave to amend because it cannot be reasonably inferred from the complaint's allegations that each individual defendant knew that inmate Mirandapaz posed an excessive risk to Plaintiff's safety and disregarded that risk.  The

3

United States District Court
Northern District of California

complaint's general allegations that there is a culture in which Latino/Hispanic inmates assault other inmates upon arriving at a NDPF and that CDCR staff are aware of this culture is insufficient to allege that each individual defendant knew that inmate Mirandapaz posed an excessive risk to Plaintiff's safety.  In addition, inmate Mirandapaz's assault on Plaintiff and other inmates housed in West Block does not appear to be linked to the alleged culture as the assaults took place months after inmate Mirandapaz arrived at SQRC.  Also, the actions attributed to defendants Gitian and Andes do not show knowledge that inmate Mirandapaz posed a danger to Plaintiff.  Defendant Gitian interacted with inmate Mirandapaz upon his arrival at SQRC in early 2024 and, at that time, there was no indication that inmate Mirandapaz and Plaintiff would be housed together, as inmate Mirandapaz was not moved to West Block until July 2024.  Defendant Andes' remarks regarding inmates assaulting other inmates on arrival were made in 2025, after the assault on Plaintiff, and do not indicate what defendant Andes knew prior to inmate Mirandapaz's assault on Plaintiff.

The Court DISMISSES the complaint with leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by the allegation of other facts).  If Plaintiff chooses to file an amended complaint naming defendant Moeckly as a defendant, he must specify what defendant Moeckly did or did not do that violated his federal constitutional rights.

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Plaintiff shall file an amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 25-10502 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court's form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaints by reference.  Failure to file an

amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:    3/13/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5