United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN C. BROWN,<br>Plaintiff,<br>v.<br>GITIAN, et al.,<br>Defendants. | Case No. 25-cv-10502-HSG<br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate currently housed at San Quentin Rehabilitation Center ("SQRC"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. In this order, the Court screens Plaintiff's amended complaint (Dkt. No. 12) pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Amended Complaint**

The amended complaint names as defendants the following SQRC officials: Sergeant Gitian, Lieutenant Prada, Sergeant Sandoval, and Warden Andes.

The amended complaint makes the following allegations.

When Plaintiff arrived at SQRC in April 2022, defendant Gitian handled Plaintiff's screening and intake. Defendant Gitian informed Plaintiff that SQRC was a non-designated programming facility ("NDPF"), and that there was a problem with active gang members assaulting non-designated program inmates so that they could be moved to another facility. Plaintiff responded that he could program at SQRC without any problems. In early 2024, defendant Andes stated at a town hall meeting, "We know there has been numerous incidents some time now here at the facility where active inmates are assaulting other inmates upon arrival and we have been working on screening out the bad actors to try to create a safe environment for those who are trying to program."

In 2024, inmate Mirandapaz was housed in West Block after assaulting another inmate. On July 3, 2024, as inmate Ralph Brown was walking by, inmate Mirandapaz made an obscene gesture at inmate Ralph Brown and swiped at his neck with a sharp object. Inmate Ralph Brown jumped away and yelled, "Man, what's wrong with you!" Later that evening, as Plaintiff was returning from evening chow and walking down the third tier, inmate Mirandapaz, without provocation, attacked Plaintiff from behind. Inmate Mirandapaz struck Plaintiff on the left side of his face and the back of his head. Plaintiff regained his footing, turned around, and defended

himself, suffering permanent displaced fractures to the second and fifth metacarpal bone of his left hand. Afterwards, Plaintiff was interviewed by defendants Prada and Sandoval regarding the incident. Defendant Sandoval stated that inmate Mirandapaz "just did it because he doesn't want to be here." Defendants Prada and Sandoval's only concern was getting Plaintiff to sign a compatibility chrono wherein Plaintiff agreed to be returned to his assigned housing unit and to not retaliate against inmate Mirandapaz. Defendants Prada and Sandoval told Plaintiff that if he did not sign the chrono, he would be moved to administrative segregation. Plaintiff returned to his housing unit later that night, as did inmate Mirandapaz. Inmate Mirandapaz was not subject to any disciplinary action.

The next day, July 4, 2024, inmate Mirandapaz walked up behind inmate Evans as he was seated, and struck inmate Evans in the back of the head with an unknown metal object without provocation. Inmate Evans stood up and defended himself. Correctional officers intervened, placed inmate Mirandapaz in handcuffs, and removed him from general population.

On July 5, 2024, officer Hunter asked Plaintiff what happened to his hand and, before Plaintiff could respond, said, "Oh yeah, you were victim number two."

The amended complaint alleges that Defendants failed to protect Plaintiff from violence at the hands of inmate Mirandapaz, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment and on deliberate indifference to inmate safety.

**C. Dismissal with Prejudice**

An allegation that prison officials failed to protect an inmate from violence at the hands of other prisoners states a cognizable Eighth Amendment claim. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Eighth Amendment requires prison officials to take reasonable measures to protect prisoners from violence at hands of other prisoners). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate

United States District Court
Northern District of California

it. *Id.* at 837.

The Court dismissed the initial complaint for failure to state a claim for the following reasons:

> The Court dismisses the complaint with leave to amend because it cannot be reasonably inferred from the complaint's allegations that each individual defendant knew that inmate Mirandapaz posed an excessive risk to Plaintiff's safety and disregarded that risk. The complaint's general allegations that there is a culture in which Latino/Hispanic inmates assault other inmates upon arriving at a NDPF and that CDCR staff are aware of this culture is insufficient to allege that each individual defendant knew that inmate Mirandapaz posed an excessive risk to Plaintiff's safety. In addition, inmate Mirandapaz's assault on Plaintiff and other inmates housed in West Block does not appear to be linked to the alleged culture as the assaults took place months after inmate Mirandapaz arrived at SQRC. Also, the actions attributed to defendants Gitian and Andes do not show knowledge that inmate Mirandapaz posed a danger to Plaintiff. Defendant Gitian interacted with inmate Mirandapaz upon his arrival at SQRC in early 2024 and, at that time, there was no indication that inmate Mirandapaz and Plaintiff would be housed together, as inmate Mirandapaz was not moved to West Block until July 2024. Defendant Andes' remarks regarding inmates assaulting other inmates on arrival were made in 2025, after the assault on Plaintiff, and do not indicate what defendant Andes knew prior to inmate Mirandapaz's assault on Plaintiff.

Dkt. No. 10 at 3-5.

The amended complaint does not cure the deficiencies in the initial complaint. The allegations in the amended complaint are the same as those made in the initial complaint, with three differences: (1) the initial complaint stated that defendant Andes' remarks were made in early 2025 whereas the amended complaint states that defendant Andes' remarks were made in early 2024; (2) the initial complaint alleged that there is a culture in which Latino/Hispanic inmates assault other inmates upon arriving at a NDPF whereas the amended complaint alleges that there is a culture in which inmates who are active gang members assault other inmates in order to be moved to a different facility; and (3) the amended complaint alleges that upon learning of inmate Mirandapaz's assault on Plaintiff, defendant Sandoval said that inmate Mirandapaz assaulted Plaintiff because inmate Mirandapaz "doesn't want to be here." These differences do not cure the deficiencies identified in the screening order, which is that it cannot be reasonably inferred from the factual allegations that each individual defendant knew that inmate Mirandapaz specifically posed an excessive risk to Plaintiff's safety and disregarded that risk.

*Defendants Gitian and Andes*. The amended complaint alleges that both defendants Gitian and Andes were aware that active gang members sought to ensure their transfer to a different

United States District Court
Northern District of California

facility by assaulting non-designated inmates. However, this allegation does not reasonably lead to an inference that defendants Gitian and Andes were specifically aware that inmate Mirandapaz would assault Plaintiff in June 2024. In addition, the amended complaint indicates that defendants Gitian and Andes took steps to address the problem. Defendant Gitian asked inmates at intake if they were capable of programming on a NDPF. In the town hall address, defendant Andes stated that SQRC was "working on screening out the bad actors to try to create a safe environment for those who are trying to program." Dkt. No. 12 at 4.

*Defendants Prada and Sandoval*. Defendant Prada's only involvement in the relevant events was interviewing Plaintiff after he was assaulted by inmate Mirandapaz. Defendant Sandoval's only involvement in the relevant events was interviewing Plaintiff after he was assaulted by inmate Mirandapaz and stating that inmate Mirandapaz assaulted Plaintiff because he did not want to be "there," presumably referring to either that particular housing unit or SQRC. The interview, even if conducted in a manner that Plaintiff believes minimized his concerns about his safety, and defendant Sandoval's statement do not lead to a reasonable inference that, prior to the assault, defendants Prada and Sandoval knew that inmate Mirandapaz posed a risk to Plaintiff's safety and failed to take reasonable steps to address that risk. To the extent that Plaintiff is alleging that defendants Prada and Sandoval were deliberately indifferent to his safety by returning him to his assigned housing after the assault, this also fails to state an Eighth Amendment claim because the amended complaint indicates that defendants Prada and Sandoval took steps to ensure Plaintiff's safety, albeit not the steps that Plaintiff believed appropriate. The amended complaint's allegations do not plausibly support an inference that the only reasonable step to address the risk was removing inmate Mirandapaz from Plaintiff's housing unit.

The Court DISMISSES the amended complaint for failure to state a claim. The dismissal is with prejudice as Plaintiff has twice been granted leave to amend his complaint to cure deficiencies identified by the court and has failed to cure the deficiencies. *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action with prejudice for failure to state a claim. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: 7/31/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge